IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA     )
                             )     CRIMINAL ACTION NO.
    v.                       )        2:21cr49-MHT
                             )            (WO)
GREGORY EARL CORKREN         )
```

## ORDER

At sentencing, the court stated: "It is further ordered that the defendant shall make restitution to the Alabama Department of Education in the amount of $ 1,303,514.28, which is due immediately. ... Any balance remaining at the start of supervision shall be determined upon his release by the supervising probation officer." July 21, 2022, R.D. Sentencing Tr. 107-08.

The court is concerned that its order with respect to the schedule of payments constitutes an impermissible delegation. According to the Mandatory Victims Restitution Act, "Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the

restitution order the manner in which, and the schedule according to which, the restitution is to be paid ...." 18 U.S.C. § 3664(f)(2); *see also* 18 U.S.C. § 3572(d)(2) ("If the judgment, or, in the case of a restitution order, the order, permits other than immediate payment, the length of time over which scheduled payments will be made shall be set by the court, but shall be the shortest time in which full payment can reasonably be made."). In *United States v. Prouty*, 303 F.3d 1249 (11th Cir. 2002), the Eleventh Circuit Court of Appeals interpreted this language to preclude the district court from delegating discretion to set the payment schedule. *See id.* at 1254-55. It further held that the statutory language prohibited the entry of "a restitution order requiring 'immediate' payment with an informal understanding that the probation office shall set a repayment schedule." *Id.* at 1255.

Accordingly, it is ORDERED that the courtroom deputy is to set up a conference call with the

2

attorneys and the probation officer as soon as possible to discuss the court's concern.

DONE, this the 2nd day of August, 2022.

/s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**